```
                    UNITED STATES DISTRICT COURT
                  FOR THE DISTRICT OF NEW HAMPSHIRE
```

William Spencer and
Spencer Bros. LLC

    v.                                  Civil No. 18-cv-1191-LM
                                            Opinion No. 2019 DNH 066

New Hampshire State
Police, et al.

## **O R D E R**

William Spencer, proceeding pro se, brings 16 claims, each under 42 U.S.C. § 1983, against the New Hampshire State Police and certain current and former officers, the New Hampshire Office of the Attorney General and two of its employees (collectively, with the New Hampshire State Police and its officers, the "state defendants"), the Federal Motor Carriers Safety Administration and three of its employees, and the United States Department of Transportation and two of its employees.[1] Spencer's suit arises from the circumstances of a traffic stop and subsequent events. The state defendants move to dismiss the

---

[1] The complaint was brought on behalf of both Spencer and Spencer Brothers LLC. On March 8, 2019, Spencer Brothers LLC moved for a voluntary dismissal of its claims without prejudice. See doc. no. 13. Defendants do not object. Although Spencer Brothers LLC could have voluntarily dismissed its claims without prejudice absent a court order, see Fed. R. Civ. P. 41.1(a)(1)(A)(i), the court grants Spencer Brothers LLC's motion.

claims brought against them.[2]  Spencer did not file a response to the state defendants' motion.[3]

I.  Sovereign Immunity

    The state defendants move to dismiss all claims against them on the ground that they are protected by sovereign immunity and cannot be sued under § 1983.  The Eleventh Amendment bars suits in federal courts against a state unless the state has waived its sovereign immunity or Congress has exercised its power to override sovereign immunity.  Will v. Mich. Dep't of State Police, 491 U.S. 58, 66 (1989).

    Section 1983 provides as follows:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall

---

[2] The claims against the state defendants are Counts I, II, III, IV, V, VI, XIV, XV, and XVI.

[3] Although Spencer failed to respond, the court cannot grant the motion on that basis alone and must determine whether the complaint states a claim for relief.  See Vega-Encarnacion v. Babilonia, 344 F.3d 37, 41 (1st Cir. 2003) ("[T]he mere fact that a motion to dismiss is unopposed does not relieve the district court of the obligation to examine the complaint to see whether it is formally sufficient to state a claim.").

2

> be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress . . . .

42 U.S.C. § 1983 (emphasis added).

The Supreme Court has held that a state is not a person within the meaning of § 1983 and, therefore, Congress has not abrogated sovereign immunity in civil rights cases brought under that section. Will, 491 U.S. at 64. Because the state is not a person and cannot be sued for damages in a § 1983 claim, state agencies and individuals sued in their official capacities as officers, employees, or agents of a state are also not persons for purposes of § 1983. Fantini v. Salem State College, 557 F.3d 22, 33 (1st Cir. 2009) ("It is well settled that neither a state agency nor a state official acting in his official capacity may be sued for damages in a section 1983 action." (internal alterations, citations, and quotations omitted)).

Count I alleges a § 1983 claim against the New Hampshire State Police and Count XIV alleges a § 1983 claim against the New Hampshire Office of the Attorney General. Those claims are barred by sovereign immunity and are dismissed for the reasons stated above. In addition, Counts II – VI, XV, and XVI, which allege § 1983 claims against current and former individual employees of either the state police or the Attorney General's

Office, are dismissed on the same ground to the extent they are brought against the individuals in their official capacities.

II. Failure to State a Claim

The only remaining claims against the state defendants are Counts II – VI, XV, and XVI, to the extent they are asserted against current or former state officials acting in their individual capacities. The state defendants move to dismiss those claims on the ground that they fail to state claims on which relief may be granted. Fed. R. Civ. P. 12(b)(6).

In considering a motion under Rule 12(b)(6), the court determines whether the complaint alleges facts that "state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 667 (2009). That process requires the court to take the factual allegations in the complaint as true and to draw all reasonable inferences in the plaintiff's favor. Gilbert v. City of Chicopee, 915 F.3d 74, 80 (1st Cir. 2019).

As mentioned above, Spencer's suit arises from the circumstances of a traffic stop and subsequent events. He states in his complaint that he is bringing a "federal civil rights claim pursuant to 42 U.S.C. § 1983." Doc. no. 1 at 2.

Section 1983 does not provide substantive rights but instead "provides a method for vindicating federal rights

4

elsewhere conferred."  Albright v. Oliver, 510 U.S. 266, 271 (1994) (internal quotation marks omitted).  For that reason, a plaintiff bringing a claim under § 1983 must allege facts that show the defendants' conduct violated a federal constitutional or statutory right.  Garcia-Gonzalez v. Puig-Morales, 761 F.3d 81, 87 (1st Cir. 2014).  In the absence of specific allegations that identify what constitutional or statutory right the plaintiff is alleging the defendants violated, "the Complaint lacks a 'short and plain statement of the claim'" and should be dismissed.  Cerullo v. Wall, No. CA 14-364-ML, 2014 WL 7272799, at *2 (D.R.I. Dec. 18, 2014) (quoting Fed. R. Civ. P. 8(a)).

In each count against the individual state defendants, Spencer alleges that the actions of each of the named defendants "constitute outrageous and reckless behavior towards the Plaintiff, constituting a violation of his civil rights, by which the Plaintiff has been damaged."  Doc. no. 1 at 17, 18, 21.  He does not allege a violation of a specific constitutional right or any other right provided under federal law.  His factual allegations also do not include reference to particular federal rights.

The state defendants attempt to interpret what right Spencer might intend to rely on for his claims and argue that he has not alleged actionable violations of those rights.  The

5

court will not speculate about what Spencer may have intended. Instead, the claims are dismissed because they are insufficiently alleged. However, they are dismissed without prejudice to allow Spencer to file an amended complaint, if appropriate, with properly pleaded claims.

**CONCLUSION**

For the foregoing reasons, Spencer Brothers LLC's motion for voluntary dismissal of its claims (doc. no. 13) is granted. The state defendants' motion to dismiss (document no. 9) is granted as follows:

Counts I and XIV are dismissed, with prejudice. The New Hampshire State Police and the New Hampshire Office of the Attorney General are dismissed from the case. All claims against the individual state defendants (Counts II, III, IV, V, VI, XV, and XVI) in their official capacities also are dismissed with prejudice.

Counts II, III, IV, V, VI, XV, and XVI, to the extent they are brought against the individual state defendants in their individual capacities, are dismissed without prejudice to Spencer's ability to file an amended complaint setting forth facts sufficient to state a plausible claim against those defendants. Spencer may file an amended complaint **on or before**

6

**May 7, 2019.** Failure to file an amended complaint within this time frame will result in dismissal with prejudice of Counts II, III, IV, V, VI, XV, and XVI as against the individual state defendants in their individual capacities.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

April 9, 2019

cc: Counsel and Pro Se Party of Record