```
                UNITED STATES DISTRICT COURT
              FOR THE DISTRICT OF NEW HAMPSHIRE
```

William Spencer

    v.                                    Civil No. 18-cv-1191-LM
                                                  Opinion No. 2019 DNH 112

New Hampshire State
Police, et al.

## O R D E R

William Spencer, proceeding pro se, filed a complaint asserting 16 claims, each under 42 U.S.C. § 1983, against the New Hampshire State Police and certain current and former officers, the New Hampshire Office of the Attorney General and two of its employees (collectively, with the New Hampshire State Police and its officers, the "state defendants"), the Federal Motor Carriers Safety Administration and three of its employees, and the United States Department of Transportation and two of its employees (collectively, with the Federal Motor Carriers Safety Administration and its employees, the "federal defendants").[1]  Spencer's claims arise from the circumstances of a traffic stop and subsequent events.

The state defendants moved to dismiss the complaint.  The court granted the motion, dismissing the claims against the New

---

[1] The complaint was brought on behalf of both Spencer and Spencer Brothers LLC.  Spencer Brothers LLC later voluntarily dismissed its claims without prejudice.

Hampshire State Police, the New Hampshire Attorney General's Office, and individual state defendants sued in their official capacities with prejudice but dismissing the claims against individual state defendants sued individually without prejudice. Doc. no. 14.

The court granted Spencer leave to file an amended complaint, to allege claims that provided the legal bases for the claims against the individual state defendants in their individual capacities. Id. at 6-7. He has since filed an amended complaint. Doc. no. 17. In the amended complaint, Spencer brings suit against the same defendants as in his original complaint, including the New Hampshire State Police and the Attorney General's Office.

The state defendants move to dismiss the claims against them in the amended complaint. See doc. no. 18. Spencer objects.[2]

**DISCUSSION**

The state defendants argue that Spencer has not alleged any legal bases for his claims in the amended complaint, that he has not alleged a jurisdictional basis for his claims, that the

---

[2] The federal defendants also move to dismiss the claims against them. Doc. no. 23. That motion is not yet ripe for disposition.

complaint fails to comply with Federal Rule of Civil Procedure 8(a) because it is not a short and plain statement of the claims, and that the court has ruled that no claims may be brought against the State Police or the Attorney General's Office, and so those defendants are entitled to dismissal of the claims asserted against them.  In his objection to the motion to dismiss, Spencer states that he is bringing claims pursuant to 42 U.S.C. § 1983, alleging violations of his due process rights provided by the Fourteenth Amendment.  He further states that he intended to invoke federal question jurisdiction under 28 U.S.C. § 1331.  He asserts that the state and federal defendants "violated the Plaintiff's due process rights through fraud and deceptive statements made against the Plaintiff" and "violated the Plaintiff's personal liberty when his right to practice an occupation came under attack."  Doc. no. 22 at 3.

I.   Standard of Review

Under Rule 12(b)(6), the court must accept the factual allegations in the complaint as true, construe reasonable inferences in the plaintiff's favor, and "determine whether the factual allegations in the plaintiff's complaint set forth a plausible claim upon which relief may be granted." Foley v. Wells Fargo Bank, N.A., 772 F.3d 63, 71 (1st Cir. 2014)

3

(internal quotation marks omitted). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009).

In addition, to state a claim for relief in federal court, a plaintiff must file a complaint that contains "(1) a short and plain statement of the grounds for the court's jurisdiction, . . . ; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief." Fed. R. Civ. P. 8(a). A complaint that fails to comply with these requirements may be dismissed. Kuehl v. F.D.I.C., 8 F.3d 905, 908 (1st Cir. 1993) ("A district court has the power to dismiss a complaint when a plaintiff fails to comply with the Federal Rules of Civil Procedure, including Rule 8(a)(2)'s 'short and plain statement' requirement.").

II. Amended Complaint

Spencer's amended complaint is 213 pages long with 1027 numbered paragraphs. As the state defendants point out, Spencer does not allege specific claims in his amended complaint.

4

Although he underlines certain paragraphs in the amended complaint that may have been intended to be claims, the underlined allegations do not include any legal ground for a claim. In addition, the complaint is repetitive, and it appears that Spencer simply entered and reentered the same allegations in multiple paragraphs.

Each of the grounds for dismissal asserted by the state defendants in their motion to dismiss has merit. Spencer's amended complaint does not comply with Rule 8(a), and dismissal is warranted on that basis alone. See [Fusco v. Rogers, 18-cv-290-JAW, 2019 WL 1387686, at *3 (D. Me. Mar. 27, 2019)](#) (dismissing 85-page complaint that failed to comply with Rule 8(a) although allegations showed plaintiff was "extremely upset"); [Barricello v. Bank of Am., N.A., 18-10398-LTS, 2019 WL 1333271, at *3-4 (D. Mass. Mar. 25, 2019)](#) (dismissing 84-page complaint that was conclusory and repetitious). In addition, the state defendants are correct that, as the court previously ruled, Spencer cannot bring claims for money damages in this court against the New Hampshire State Police and the Attorney General's Office. Therefore, any claims against those entities are dismissed for that additional reason.

Further, the state defendants are also correct that Spencer did not allege a jurisdictional ground or any legal bases for

his claims.  Although Spencer attempts to remedy that deficiency in his objection, he cannot amend his complaint through matters raised only in an objection.  Cass v. Airgas USA, LLC, 17-cv-313-JD, 2018 WL 3682491, at *8 n.8 (D.N.H. Aug. 2, 2018).  Therefore, the amended complaint alleges no cognizable claim against the state defendants.

For these reasons, the state defendants' motion to dismiss is granted.  In light of Spencer's pro se status, the court will afford him a final chance to file a complaint that states a cognizable claim in compliance with Rule 8(a) and the court's rulings.  Spencer's second amended complaint must comply with Rule 8(a); must set out each claim separately with the legal ground for each claim; and must not include claims for money damages against the New Hampshire State Police, the Attorney General's Office, or state defendants in their official capacities.

In addition, the court notes that the federal defendants have also moved to dismiss, see doc. no. 23, although the time for Spencer to respond has not yet expired.  In their motion, the federal defendants contend, among other things, that the court lacks jurisdiction to hear any claim against them arising out of the alleged traffic stop and subsequent events.  Spencer will have the benefit of the issues raised by the federal

defendants in their motion to guide him in formulating a second amended complaint.  If Spencer fails to file an amended complaint in accordance with the timeframe set forth below, the court will rule on the federal defendants' motion to dismiss after it becomes ripe for disposition.

**CONCLUSION**

For the foregoing reasons, the state defendants' motion to dismiss (doc. no. 18) is granted in that any claims against the New Hampshire State Police, the Attorney General's Office, and state defendants in their official capacities are dismissed with prejudice and any claims against state defendants in their individual capacities are dismissed without prejudice.

Spencer is granted a final opportunity to file a second amended complaint stating cognizable claims, as explained in this order.  The second amended complaint shall be filed **on or before August 5, 2019.**

If Spencer fails to file a second amended complaint within the time allowed, the court will rule on the federal defendants' motion to dismiss when it is ripe for disposition.  If Spencer files a second amended complaint within the time allowed, the court will terminate the federal defendants' motion to dismiss as moot.

This ruling is without prejudice to defendants' ability to file any appropriate response to the second amended complaint after it is filed.

SO ORDERED.

_____
Landya B. McCafferty
United States District Judge

July 22, 2019

cc: Counsel and Pro Se Party of Record