UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW HAMPSHIRE

William Spencer and
Spencer Brothers LLC

    v.                                Civil No. 18-cv-1191-LM
                                      Opinion No. 2021 DNH 023 P

Michael Doran, et al.

**O R D E R**

Plaintiffs William Spencer ("William") and Spencer Brothers LLC ("Spencer Brothers") filed a second amended complaint bringing claims against five current and former employees of the New Hampshire State Police (the "state defendants"), three employees of the Federal Motor Carriers Safety Administration (the "FMCSA defendants"), and two employees of the United States Department of Transportation (the "DOT defendants" and, collectively with the FMCSA defendants, the "federal defendants"). The second amended complaint alleges all defendants' liability (i) under 42 U.S.C. § 1983 for violation of plaintiffs' Fourteenth Amendment substantive and procedural due process rights and (ii) under the civil remedy provision of the Racketeer Influenced and Corrupt Organizations ("RICO") Act, 18 U.S.C. § 1964(c), for obstruction of justice and/or mail fraud. By separate order, see doc. no. 53, the court has dismissed plaintiffs' claims against the state defendants pursuant to Federal Rule of Civil Procedure 12(b)(6).

Plaintiffs' claims arise out of a series of events that began with an encounter between William and one of the state defendants, New Hampshire State Police Trooper Michael Doran. According to plaintiffs, Trooper Doran stopped William for moving violations while he was driving a Spencer Brothers truck. Over the course of the traffic stop, Trooper Doran developed an animosity toward William. As a result of that animosity, Trooper Doran began a campaign of harassment against William and Spencer Brothers, ultimately drawing the other state defendants and the federal defendants into a conspiracy to drive William and Spencer Brothers out of business. Plaintiffs allege that the federal defendants played their part in the conspiracy by conducting an investigation of Spencer Brothers's operations, continuing the investigation notwithstanding plaintiffs' assertions that it was baseless, giving Spencer Brothers an "Unsatisfactory" safety rating, and ordering Spencer Brothers to cease operating commercial vehicles until it improved its safety rating.

The federal defendants (FMCSA defendants Steve Piwowarski, Douglas Wood, and Christopher Gray, and DOT defendants Cynthia Campise and Todd Damiani) move to dismiss plaintiffs' action for lack of subject matter jurisdiction.[1] See Fed. R. Civ. P. 12(b)(1). The court agrees with the federal defendants that this court lacks subject matter jurisdiction over plaintiffs' claims against them.

---

[1] The federal defendants also move to dismiss, in the alternative, under Rule 12(b)(6) for failure to state a claim. Because the court agrees with the federal defendants that it lacks subject matter jurisdiction, it does not address the parties' Rule 12(b)(6) arguments.

Plaintiffs' claims constitute a collateral challenge to the validity of a final order of the Federal Motor Carriers Safety Administration ("FMCSA"), and exclusive jurisdiction to consider challenges to such orders is vested in the federal courts of appeals.

## STANDARD OF REVIEW

Federal courts have limited jurisdiction.  See, e.g., Exxon Mobil Corp. v. Allapattah Servs., 545 U.S. 546, 552 (2005) (citing Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)).  As such, the courts presume that causes of action are "outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction."  Kokkonen, 511 U.S. at 377; see also, e.g., Klimowicz v. Deutsche Bank Nat'l Tr. Co., 907 F.3d 61, 64 (1st Cir. 2018).

A motion under Rule 12(b)(1) to dismiss for lack of subject matter jurisdiction may raise either a facial challenge (where the moving party asserts that the complainant's allegations are insufficient on their face to state a basis for federal jurisdiction) or a factual challenge (where the moving party argues that the court lacks jurisdiction as a matter of fact).  See Torres-Negron v.  J &N Records, LLC, 504 F.3d 151, 162, 162 n. 8 (1st Cir. 2007) (citations omitted).  Where the challenge is facial, the court presumes the truth of the jurisdictional facts alleged in the complaint.  See Gordo-González v. United States, 873 F.3d 32, 35 (1st Cir. 2017).  Where the challenge is factual, "there is no presumption of truthfulness attached to

the plaintiff's allegations, and plaintiff bears the burden of proving the facts supporting subject matter jurisdiction by a preponderance of the evidence." 5B Wright & Miller, Fed. Prac. & Proc. Civ. § 1350 (3d ed.); see also Torres-Negron, 504 F.3d at 163.

In this case, defendants do not specify the nature of their 12(b)(1) challenge. However, because both sets of parties offer evidence in support of their respective positions, the court construes the federal defendants' motion as raising a factual challenge. When considering a factual challenge to its subject matter jurisdiction, the district court may consider and weigh evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment.[2] See Torres-Negron, 504 F.3d at 163. Importantly, the parties are in agreement as to all of the material jurisdictional facts, and those material facts do not conflict with the allegations in the complaint. Accordingly, the court summarizes the undisputed jurisdictional facts below.

## BACKGROUND

I. The April 29, 2016, Traffic Stop

Spencer Brothers is a family-owned business located in Laconia, New Hampshire, in the business of cleaning and disposing of oil tanks and other tanks. William works for Spencer Brothers as its only driver.

---

[2] But where jurisdiction is so intertwined with the substantive merits of the claims that they must be determined together, the court should decide the jurisdiction question under the standard applicable to a motion for summary judgment. See Torres-Negron, 504 F.3d at 163 (citing Autery v. United States, 424 F.3d 944, 956 (9th Cir. 2005)). That is not the case here.

On April 29, 2016, William was driving a Spencer Brothers truck when state defendant Trooper Doran stopped him for tailgating another vehicle and for failing to display required commercial vehicle markings. When Trooper Doran stopped him, William was transporting a cargo that included five tanks, at least one of which was an oil tank. Trooper Doran accused William of using a commercial vehicle to illegally transport hazardous materials. William insisted, however, that the truck was not a commercial vehicle and that the tanks were not hazardous materials. Trooper Doran ordered the truck out of service, over William's objections.

Over the course of the traffic stop, animosity developed between Trooper Doran and William. As a result of that animosity, Trooper Doran allegedly began pursuing a campaign of harassment against William and Spencer Brothers. According to plaintiffs' allegations, Trooper Doran's campaign of harassment ultimately developed into a conspiracy comprised of employees of several different state and federal agencies.

Defendant Wood, an FMCSA investigator, is a former New Hampshire State Trooper and former colleague of Trooper Doran. Plaintiffs allege that Agent Wood and other FMCSA officials began an investigation of Spencer Brothers's operations at Trooper Doran's request, for the improper purpose of harassing the plaintiffs and driving them out of business.

II.     FMCSA Investigates Spencer Brothers

In June 2016, FMCSA began an investigation of Spencer Brothers's safety procedures. Agent Wood and FMCSA defendant Gray were the primary field investigators. In the course of their investigation, Agents Wood and Gray conducted site visits, met with William at both Spencer Brothers's business premises and FMCSA's Concord office, and interviewed some of Spencer Brothers's customers and competitors.

On July 27, 2016, FMCSA conducted a "compliance review" at Spencer Brothers's premises. Doc. no. 43-1 at 2; see also 49 C.F.R. § 385.9. An FMCSA compliance review is "an on-site examination of motor carrier operations . . . to determine whether a motor carrier meets the safety fitness standard." 49 C.F.R. § 385.3. In the course of such a review, FMCSA reviews a commercial motor carrier's records of "drivers' hours of service, maintenance and inspection, driver qualification, commercial drivers license requirements, financial responsibility, accidents, hazardous materials, and other safety and transportation records." Id. FMCSA may conduct compliance reviews "in response to a request to change a safety rating, to investigate potential violations of safety regulations by motor carriers, or to investigate complaints or other evidence of safety violations." Id. Depending on the findings it generates, an FMCSA compliance review "may result in the initiation of an enforcement action." Id.

On August 3, 2016, FMCSA sent Spencer Brothers a Proposed Safety Rating based on its compliance review. Doc. no. 43-1 at 2; see also 49 C.F.R. § 385.11. The

6

Proposed Safety Rating notified Spencer Brothers that FMCSA intended to give it an "Unsatisfactory" safety rating, based on several alleged regulatory violations, including two violations related to improper transportation of hazardous materials. Doc. no. 43-1 at 2.  On August 11, 2016, Spencer Brothers filed a petition for administrative review of the Proposed Safety Rating with FMCSA.  Id.; see also 49 C.F.R. § 385.15.

III.   FMCSA Initiates Civil Penalty Proceeding

On August 24, 2016, FMCSA issued Spencer Brothers a Notice of Claim initiating a civil penalty proceeding against it.  Doc. no. 43-1 at 3.  The civil penalty proceeding was premised on the same facts underlying the proposed "Unsatisfactory" safety rating but constituted a discrete and independent agency action.  See 49 U.S.C. § 521(b); 49 C.F.R pt. 386.

IV.   FMCSA Issues a Cease Transportation Order

On August 29, 2016, FMCSA issued an order directing Spencer Brothers to cease operating any commercial motor vehicles in interstate or intrastate commerce (the "Cease Transportation Order").  Doc. no. 36-2 at 102-103.  The FMCSA issued the Cease Transportation Order as a result of the July 27, 2016 compliance review of Spencer Brothers' operations.  Id. at 102.

Plaintiffs allege that William had several discussions with Agents Wood's and Gray's supervisor, FMCSA defendant Piwowarski, in which William requested that

7

the Cease Transportation Order be lifted.  Administrator Piwowarski did not grant William's request.  William also complained to DOT defendant Campise that the FMCSA proceedings against Spencer Brothers were premised on false statements made by one or more of the state defendants.

### V.     FMCSA Issues a Final Order

On September 16, 2016, the FMCSA Assistant Administrator issued a "Final Order" denying Spencer Brothers's petition for administrative review of the Proposed Safety Rating.  Doc. no. 36-2 at 106-112; see also doc. no. 43-1 at 2-3.  The FMCSA Assistant Administrator found, based on the parties' evidentiary proffers, that "the 'overall Unsatisfactory' safety rating had been properly assigned."  Doc. no. 36-2 at 112; see also doc. no. 43-1 at 3.  Consequently, the "Unsatisfactory" safety rating became effective on September 18, 2016.  Id.

Plaintiffs allege that DOT employees conducted a further inspection of Spencer Brothers's business premises on October 12, 2016.  Based on that inspection, DOT defendant Damiani authored an allegedly false report that adopted the false statements made by the state defendants.

### VI.    Spencer Brothers Appeals to First Circuit

On October 28, 2016, Spencer Brothers appealed FMCSA's Final Order assigning it an "Unsatisfactory" safety rating to the United States Court of Appeals

for the First Circuit.[3] Doc. no. 43-1 at 3. Spencer Brothers sought an "emergency stay" of enforcement of the Final Order during the pendency of the appeal. Id. On November 2, 2016, the First Circuit denied the emergency stay request, finding that Spencer Brothers had failed to meet its burden to show a strong likelihood of success on the merits. Id.

William was not a party to Spencer Brothers's appeal of FMCSA's Final Order, and Spencer Brothers was not represented by legal counsel. Doc. no. 36-9. On March 22, 2017, the First Circuit directed Spencer Brothers to obtain counsel to file an appearance on its behalf, advising that corporate entities are not permitted to proceed pro se and must appear through a legal representative. Id. The First Circuit advised Spencer Brothers that its appeal would be dismissed if a notice of appearance was not filed by April 5, 2017. Id. On April 10, 2017, no such notice having been filed, the First Circuit dismissed Spencer Brothers's appeal. Id.

VII. ALJ Issues Order in Civil Penalty Proceeding

On July 22, 2019, FMCSA filed a motion with the Administrative Law Judge ("ALJ") presiding over the civil penalty proceeding initiated against Spencer Brothers by FMCSA on August 24, 2016. FMCSA sought a ruling that, in consequence of the Final Order assigning Spencer Brothers an "Unsatisfactory" safety rating, Spencer Brothers could not relitigate the factual question whether

---

[3] As will be discussed in greater detail below, such direct appeal to the First Circuit is the sole appropriate procedural mechanism for seeking judicial review of a final FMCSA order. See 49 C.F.R. § 385.15.

9

William was transporting hazardous materials when Trooper Doran stopped his vehicle on April 29, 2016. Doc. no. 43-1 at 5-6. On February 6, 2020, the ALJ denied FMCSA's motion. Doc. no. 43-1.[4]

## DISCUSSION

The federal defendants argue that, pursuant to the Hobbs Act (28 U.S.C. § 2341 et seq.) this court lacks subject-matter jurisdiction to consider the merits of plaintiffs' claims. For the reasons that follow, the court agrees.

Section 2342 of the Hobbs Act vests in "[t]he court of appeals . . . exclusive jurisdiction to enjoin, set aside, suspend (in whole or in part), or to determine the validity of . . . all rules, regulations, or final orders of . . . the Secretary of Transportation issued pursuant to [49 U.S.C. § 31131 et seq.]" 28 U.S.C. § 2342(3)(A). That subchapter (49 U.S.C. § 31131 et seq.) governs the Secretary's responsibility to determine whether owner/operators are "fit to safely operate motor vehicles." See 49 U.S.C. § 31136(a). The Secretary has delegated responsibility under that subchapter to the FMCSA Administrator. See 49 U.S.C. § 113(f)(1); see also 49 U.S.C. § 322(b). The FMCSA Administrator carries out these

---

[4] The ALJ noted that the doctrine of collateral estoppel (issue preclusion) is applicable in administrative proceedings only when the "administrative agency . . . acts in a judicial capacity," Astoria Fed. Sav. & Loan Ass'n v. Solimino, 501 U.S. 104, 108 (1991), and found that the FMCSA Assistant Administrator was acting in an enforcement rather than a judicial capacity when he issued the Final Order. On that basis, the ALJ found that Spencer Brothers was not precluded from litigating the hazardous materials question. Doc. no. 43-1 at 7-11.

responsibilities through compliance reviews and safety ratings issued to owners and operators of commercial motor vehicles.  See 49 C.F.R. § 1.86.

FMCSA issued both the Final Order and the Cease Transportation Order pursuant to its delegated authority under Section 113(f)(1).  49 C.F.R. § 385.1.  Exclusive jurisdiction to determine the validity of the Final Order and/or the Cease Transportation Order is therefore vested in the First Circuit Court of Appeals.  28 U.S.C. § 2342(3)(A); 49 U.S.C. § 521(b)(9); 49 C.F.R. § 386.67(a); see also Pornomo v. United States, 814 F.3d 681, 690 (4th Cir. 2016); Sorreda Transp., LLC v. Fed. Motor Carrier Safety Admin., Case No. 19-1226-PB, 2019 WL 7568226, at *2 (D.N.H. Dec. 23, 2019), report and recommendation approved, 2020 WL 137210 (D.N.H. Jan. 10, 2020).  Where exclusive jurisdiction over an action is vested in the First Circuit, this court is divested of jurisdiction to consider its merits.  See, e.g., Sea Air Shuttle Corp. v. United States, 112 F.3d 532, 535-536 (1st Cir. 1997).

To be sure, plaintiffs' claims in this action are not pled as appeals from the Final Order.  Nevertheless, each of plaintiffs' claims against the federal defendants challenges the Final Order's validity.  As noted, plaintiffs' first claim is that the federal defendants violated plaintiffs' substantive and procedural due process rights under the Fifth and Fourteenth Amendments of the United States Constitution.  Plaintiffs' substantive due process theory is that the federal defendants' conduct (specifically, investigating Spencer Brothers's operations, issuing Spencer Brothers an "Unsatisfactory" safety rating, and ordering Spencer Brothers to cease operating commercial vehicles) was so egregious as to shock the conscience.  Doc. no. 30, ¶¶

175-187. That conduct is alleged to have been egregious because there was allegedly no basis in fact for the investigation, the rating, or the orders. See id. Similarly, plaintiffs' procedural due process theory is that the process plaintiffs received was a sham calculated to obstruct justice because there was no reasonable justification for FMCSA's actions. Id. Thus, plaintiffs' due process claim is necessarily premised, in its entirety, on the invalidity of the Final Order.

Plaintiffs' RICO claim against the federal defendants is similarly premised on the theory that FMCSA's investigation, rating, and Final Order were factually and legally unjustified. Although plaintiffs' allegations of wrongful conduct underlying their RICO claim are vague, they claim (without particularity) that the federal defendants' conduct constituted obstruction of justice and/or mail fraud. Id., ¶ 99; see generally id., ¶¶ 188-206. However, if FMCSA's investigation, safety rating, and orders were factually and legally justified, the federal defendants' conduct cannot have been either fraudulent or obstructive. It is therefore a necessary premise of plaintiffs' RICO claim that the Final Order was invalid.

The courts that have considered the issue have held that the exclusive jurisdiction granted under the Hobbs Act divests the lower courts of jurisdiction to consider statutory or constitutional claims—including due process claims—where such claims raise a de facto collateral challenge to the propriety of a covered final agency order. See, e.g., Chhetri v. United States, 823 F.3d 577, 586-587 (11th Cir. 2016); Daniels v. Union Pac. R.R. Co., 530 F.3d 936, 941-943 (D.C. Cir. 2008); Carpenter v. Dep't of Transp., 13 F.3d 313, 316 (9th Cir. 1994); Connors, 858 F.2d at

1231; see also Brown v. GSA, 425 U.S. 820, 833 (1976); Venner v. Mich. C. R. Co., 271 U.S. 127, 130 (1926); Sea Air, 112 F.3d at 535; First Commodity Corp. v. Commodity Futures Trading Com., 644 F. Supp. 597, 599 (D. Mass. 1986). This court, too, finds that it would impermissibly circumvent Congress's jurisdictional scheme for a district court to exercise subject matter jurisdiction over claims necessarily premised on the invalidity of a final agency order falling within the Hobbs Act's exclusive-jurisdiction provision.

In opposition to the federal defendants' Rule 12(b)(1) motion, plaintiffs do not challenge any of the foregoing. Instead, plaintiffs object to the federal defendants' motion on the sole ground that FMCSA's "Final Order" of September 16, 2016 was not, despite its title, a <u>final</u> order for purposes of the Hobbs Act. "As the FMCSA has not issued a final ruling," plaintiffs argue, "the Plaintiffs' complaints are not attacking the merits of a final order as adverted by the Defendants." Doc. no. 43 at 8; see also id. at 8-9.

Plaintiffs' only argument that the Final Order was not, in fact, final, is based on the ALJ's order permitting Spencer Brothers to relitigate factual questions in FMCSA's civil penalty proceeding. Plaintiffs reason that if the ALJ did not consider these factual questions to be settled for purposes of the civil penalty proceeding, the Final Order was merely "tentative." Id. at 9. However, the ALJ's ruling has no bearing on the finality of FMCSA's September 2016 order, which "constitutes final agency action" as a matter of law. 49 C.F.R. § 385.15(f). Moreover, the outcome of FMCSA's civil penalty proceeding against Spencer Brothers will not impact the

13

validity, finality, or enforceability of the Final Order, which issued in the agency's separate and discrete safety-rating proceeding. The court therefore rejects plaintiffs' argument that the Final Order is not subject to the Hobbs Act's grant of exclusive jurisdiction.

Because plaintiffs' claims constitute a collateral challenge to the validity of a Final Order that issued under the delegated authority of 49 U.S.C. § 31136(a), this court lacks jurisdiction to consider them. See 28 U.S.C. § 2342(3)(A). Accordingly, the court grants the federal defendants' motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1).

## CONCLUSION

For the foregoing reasons, the court grants the federal defendants' motion to dismiss all counts asserted against them for lack of federal subject matter jurisdiction (doc. no. 36). The Clerk of Court shall enter judgment in accordance with this order and close the case.

SO ORDERED.

_____
Landya McCafferty
United States District Judge

January 28, 2021

cc: Counsel of Record.